Byron J. GAMBULOUS, Plaintiff,

v.

Curtis P. HARRIS, District Attorney, District No. 7, Oklahoma County, Oklahoma, et al., Defendants,

and

R. Fred Parkhill et al., Intervenors.

Civ. No. 72-709.

United States District Court,
W. D. Oklahoma.

March 14, 1973.

Arnold D. Fagin, Oklahoma City, Okl., for the plaintiff Bryon J. Gambulos and intervening plaintiff, R. Fred Parkhill.

John R. Wallace and Ben T. Owens, Miami, Okl., for the intervening plaintiffs, Charles J. Davis and Catherine L. Nuckolls.

James R. McKinney, Asst. Dist. Atty., Oklahoma City, Okl., for the defendant Curtis P. Harris.

Steven E. Moore, Asst. Atty. Gen., Oklahoma City, Okl., for the defendants, Weldon E. Davis and Larry Derryberry.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

CHANDLER, District Judge.

On the 20th day of February, 1973, the above entitled cause came on to be heard on the Motions of Defendants to Dismiss and the Motions of Intervenors, Charles J. Davis and Catherine L. Nuckolls, for Preliminary Injunctions and due notice having been given to all parties; and the Court having considered all stipulations of fact entered by the parties; the affidavits of the parties; all evidence introduced; the arguments of counsel and all briefs submitted and being well and fully advised in the premises concluded that a Temporary Injunction should be granted as prayed for and so announced from the bench, and

Thereafter, and on this 14th day of March, 1973, the cause comes on for further fully noticed hearing, and the Court being further advised, upon consideration, concludes that a Permanent Injunction should be granted.

The Court finds that:

1. Essentially, all of the evidence introduced in this Court in the case of National Railroad Passenger Corporation, also known as AMTRAK, plaintiff, versus Curtis P. Harris, District Attorney, District No. 7, Oklahoma County, Oklahoma; Weldon E. Davis, Director, Oklahoma Alcoholic Beverage Control Board; and Larry Derryberry, Attorney General of the State of Oklahoma, defendants, being No. "CIV-72-636" in this Court should be and has been considered by the Court in this case.

2. Plaintiff, Byron J. Gambulous has not shown that he will suffer or has suffered sufficient irreparable harm by the enforcement or threatened enforcement of the laws of the State of Oklahoma related to the sale or consumption of alcoholic beverage to warrant the injunctive relief herein sought and his complaint should accordingly be dismissed.

3. Intervenor, R. Fred Parkhill, likewise has failed to show that he has suffered or will suffer any irreparable harm by the enforcement or threatened enforcement of said laws so as to warrant the granting of the injunctive relief herein sought by him and his complaint in intervention likewise should be dismissed.

4. The intervenors, Charles J. Davis and Catherine L. Nuckolls, seek no relief of any sort in this action against the defendant, Curtis P. Harris, and said defendant should therefore be dismissed.

5. Robert S. Gee is the acting District Attorney of the Thirteenth District being comprised of Ottawa and Delaware Counties of Oklahoma and Sam Harris is the acting Assistant District Attorney of said district primarily charged with the responsibility of carrying out the duties of that office in Delaware County. Both the said Robert S. Gee and Sam Harris should be made parties to this action and service of process and complaint should be made on each.

6. The defendant, Weldon E. Davis, is the principal officer of the Oklahoma Alcoholic Beverage Control Board and is generally charged with directing its activities. The Oklahoma Alcoholic Beverage Control Board is generally charged with the enforcement of Oklahoma's liquor laws. Pursuant to licensing procedures established by Oklahoma law, the Board has the responsibility for any regulation of all of the licensed retail package liquor stores of the State of Oklahoma. There are approximately 4,500 such licensed retail package liquor stores. This Board has only 17 agents to enforce its regulations and the applicable laws in the State of Oklahoma. From its inception, the Board has meticulously enforced the provisions of the law with reference to the sale of liquor by the licensed packaged stores but has not routinely investigated places selling liquor by the drink with

the view in mind of initiating criminal proceedings for violation of these provisions of the law. The evidence reveals that it makes its investigations of such establishments at the request of other law enforcement agencies only. Its efforts to enforce these provisions of the law have been sporadic and non-uniform throughout the state. It has made no good-faith effort to enforce this provision uniformly or otherwise but on the contrary has largely ignored it except where requested by other law enforcement agencies.

The Court finds that the Board and hence the defendants have not made an overall effort to enforce the so-called liquor by the drink provisions of the Oklahoma law and that such enforcement as has been engaged in has been sporadic, minimal and highly discriminatory.

7. The defendant, Larry Derryberry as Attorney General of the State of Oklahoma, has the statutory power to supervise and regulate law enforcement throughout the State of Oklahoma. This office has not made any meaningful effort to either enforce the provisions of the law purporting to forbid the sale of liquor by the drink on any uniform and non-discriminatory basis throughout the state and as a practical matter does not have the manpower or resources to do so on any realistic basis.

8. The evidence discloses that liquor by the drink is being sold and has been sold in lodges actually owned by the State of Oklahoma. In this connection, the evidence further discloses that such lodges or resort facilities are leased out to private persons or entities.

9. The intervenor, Charles J. Davis, is the owner of a large resort—recreational complex located in Delaware County, Oklahoma, on the shores of Grand Lake in Northeastern Oklahoma which is one of the recreational areas of the State of Oklahoma. Said intervenor has developed said complex to its present stage of completion at a cost of approximately $10,000,000.00; the further development will involve the expenditure of another $5,000,000 to $10,000,000. The complex consists of a hotel-type lodge of 104 rooms having in connection with it such facilities as three restaurants, an 18–hole golf course, swimming pool, tennis courts, boat docks and other recreational facilities. As a part of the complex, there has also been built 27 condominium type units owned and occupied by private individuals. As an adjunct to the complex, there is operated a private club which has in it a bar, which constitutes but a small portion of the overall complex and operation. This private club is operated to meet the demand of member guests for the availability of alcoholic beverages by the drink. The club is not open to the general public but is open to members of the club who pay a membership fee. Members also authorize management of the club to purchase in their name supplies of liquor and such liquor is so purchased at package liquor stores. Thereafter, each bottle is imprinted with a number corresponding to the name of a member and the member is served from that bottle only. There are probably occasions on which this procedure is departed from due to error of personnel. An effort is made by the management of the entire establishment to regulate the conduct of guests on the premises so that no undue conduct is encountered thereon by anyone.

On two occasions, this complex known as Shangri La has been raided by agents of defendant Weldon E. Davis and employees of Shangri La arrested and liquor belonging to the intervenor confiscated. On each occasion, the raids and subsequent arrests have received publicity in the media generally and have become known to the general public.

The resulting notoriety has caused damage to the general reputation of the establishment and any repetition of such raids or criminal prosecution will inevitably result in further irreparable harm for which said intervenor has no adequate remedy at law.

10. Intervenor, Catherine L. Nuckolls, has heretofore been employed as a cocktail waitress at said Shangri La; has followed the employment of a cocktail waitress elsewhere for a period of twenty (20) years; has never been charged with any violation of any sort before November 30, 1972; that as a result of a raid on Shangri La by defendants' agents on that date, she was threatened with criminal prosecution and because of the threat of criminal prosecution and possible further prosecution if she continued her employment, she quit her employment and has not worked since; that she has a family consisting of her husband and five children and that she contributes to the support of her family. She obviously has suffered irreparable harm to her reputation by the filing of criminal charges against her and will suffer further irreparable harm in the event the threat of prosecution was continued by virtue of the loss of and damage to her reputation in the community and loss of employment for which she has no adequate remedy at law.

As a matter of law, the Court concludes:

1. The convening of a statutory three-judge district court to adjudicate the questions presented is not required by the provisions of 28 USC, § 2281, since the remaining intervenors do not contend that the provisions of the Oklahoma Constitution and the statutes are unconstitutional, but only that as applied to them the enforcement of the same constitutes a violation of certain rights guaranteed to them by the Constitution of the United States.

2. The Court has jurisdiction of the action and is empowered to entertain the action and enter the judicial declaration sought and is vested with the power in aid of its jurisdiction by injunction if necessary to protect and effectuate its decrees.

3. The equal protection clause of the Fourteenth Amendment to the Constitution of the United States forbids "invidious" distinctions under color of law among citizens of any state. The purposeful discriminatory enforcement of 37 OSA, § 538, against intervenors constitutes a violation of their rights under the Fourteenth Amendment. The invidious purposeful discrimination in the enforcement of this provision since its inception insofar as it concerns "places" selling liquor by the drink has been a travesty on fairness, equality and justice and has constituted a violation of the rights of intervenors guaranteed by the Fourteenth Amendment.

4. Under the Constitution and Laws of the United States, intervenors are entitled to the relief herein sought.

5. It is necessary in aid of the jurisdiction of the Court to protect and effectuate its judgment to issue a permanent injunction to prevent future discrimination against and harassment and annoyance of intervenors in the operation of the complex known as Shangri La and threatened prosecution of its employee, intervenor, Catherine L. Nuckolls, against whom criminal action for alleged violation of said Oklahoma laws is pending.

6. Adequate legal remedies are not available to compensate either of said intervenors for damages which have arisen and which will arise in the event defendants are not restrained from further prosecution.

## JUDGMENT

Therefore on this 14th day of March, 1973, it is ordered, adjudged and decreed that the defendants Weldon E. Davis, Director, Oklahoma Alcoholic Beverage Control Board and Larry Derryberry, Attorney General of the State of Oklahoma; Robert S. Gee, acting District Attorney for the Thirteenth District of Ottawa and Delaware Counties, Oklahoma, and Sam Harris, Assistant District Attorney of said Thirteenth District, and all persons acting under or through authority vested in them by the Constitution and Laws of the State of Oklahoma, are hereby

Enjoined and Prohibited from attempting to enforce and execute the provisions of Title 37 OSA, § 538(h), against intervenors, Charles J. Davis

and Catherine L. Nuckolls, their agents, employees and servants and so from further prosecution of criminal action now pending against the said intervenor, Catherine L. Nuckolls, in Delaware County, Oklahoma.

It is further ordered that all books, records, files, and liquor seized at the time of said unlawful interference on the occasion of the raid of November 30, 1972, be returned to intervenor, Charles J. Davis.

It is further ordered, adjudged and decreed that the complaint of Byron J. Gambulous and the intervening complaint of intervenor, R. Fred Parkhill, be and the same are hereby dismissed.

It is further ordered, adjudged and decreed that Curtis P. Harris, District Attorney, District No. 7, Oklahoma County, Oklahoma, defendant in said cause be and he is hereby dismissed.

It is further ordered that the record in action Civ–73–119–C, Soonersphere Club, Association, an unincorporated association, and Ruby Boyd v. Curtis P. Harris, et al, be made a part of the record herein as well as the record in Amtrak, Civ–72–636, hereinbefore referred to herein.

It is so ordered.